UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                              :
FELIX MACHADO,                                :
                                              :
                          Petitioner,         :
                                              :          05 Civ. 522 (GEL)
           -v-                                :
                                              :          **OPINION AND ORDER**
BRIAN FISCHER,                                :
                                              :
                          Respondent.         :
                                              :
------------------------------------------------------------x

Felix Machado, pro se.

Eliot Spitzer, Attorney General for the State of New
York (Malancha Chanda, Assistant Attorney General,
on the brief), for respondent.

GERARD E. LYNCH, District Judge:

Felix Machado, a New York State prisoner, brings this petition for habeas corpus relief, challenging his convictions for assault and possession of narcotics, and resulting sentence of fifteen years of imprisonment. The petition will be denied.

The evidence at Machado's trial amply warranted the jury's finding that Machado had stabbed Emmanuel Madera, who was dating Machado's former girlfriend, and that when Machado was arrested two weeks later, he was in possession of 15 packets of heroin.

Machado argues that his conviction violated his constitutional rights, in that (1) the trial court denied his application for a mistrial after the prosecutor elicited testimony that he had carried a knife on prior occasions; (2) the trial court erred in refusing to instruct the jury on a lesser-included offense; (3) his sentence was excessive; and (4) his appellate counsel was ineffective in failing to raise the ineffective assistance of trial counsel in connection with trial

counsel's alleged inadequate preparation for a suppression hearing.

(1) The Appellate Division held that the trial court "properly exercised its discretion in denying defendant's mistrial motion, . . . since the court's thorough curative instructions, which the jury is presumed to have understood and followed, were sufficient to prevent any prejudice." People v. Machado, 749 N.Y.S.2d 871, 871 (1st Dep't 2002). To the extent that Machado claimed on direct appeal, and claims here, that the prosecutor's conduct denied him due process of law, the Appellate Division rejected his claim on the merits. Accordingly, Machado can obtain habeas relief only if the state court's conclusion was "contrary to, or an unreasonable application of, clearly established Federal law, as determined by the Supreme Court." 28 U.S.C. § 2254(d)(1).

Even where evidence is improperly admitted, habeas corpus relief is only available if the admission of the evidence rendered petitioner's trial so fundamentally unfair as to deny him due process. See Estelle v. McGuire, 502 U.S. 62, 75 (1991). Here, the court directed the jury to disregard the question and answer, so Machado cannot claim that any evidence was improperly admitted against him. The decision whether to grant a mistrial is a decision peculiarly within the discretion of the trial court. Gori v. United States, 367 U.S. 364, 368 (1961). Petitioner cites no Supreme Court authority, and this Court is aware of none, that in any way calls into question the Appellate Division's eminently reasonable decision that the trial court's prompt exclusion of the evidence and emphatic curative instruction were sufficient to eliminate any unfair prejudice.

(2) The Appellate Division also rejected Machado's claim that a lesser included offense instruction should have been given. Machado, 749 N.Y.S.2d at 871. Machado argues that his own trial testimony that he hit Madera with an "unknown object" and "he thought he probably

hit [Madera] with a screwdriver, [but] he was not sure" calls into question whether he used a "dangerous instrument," and thus required submission to the jury of a lower degree of assault. (Pet. 9.) As the Appellate Division ruled, "[e]ven if fully credited by the jury, defendant's own testimony, taken together with the nature of the victim's injury, established that defendant used a screwdriver or other sharp object that constituted a dangerous instrument" under state law. Machado, 749 N.Y.S.2d at 871.

The Supreme Court has expressly left open whether the Constitution requires submission of a lesser included offense in a non-capital case, Beck v. Alabama, 447 U.S. 625, 638 n. 14 (1980), and the Second Circuit has accordingly held that such claims may not be considered on habeas corpus review. Jones v. Hoffman, 86 F.3d 46, 48 (2d Cir. 1996). But even if the claim were cognizable, it is without merit. Two witnesses, including the victim, testified that Machado had stabbed Madera with a knife, another saw Machado fleeing with a knife in his hand, and a doctor testified that Madera's wound was consistent with having been stabbed by a knife. More importantly, Machado's own testimony that he had stabbed Madera with a "hard . . . pointy . . . metallic" object, possibly a screwdriver, establishes that he used a dangerous instrument. See N.Y.P.L. § 10.00(13) (defining dangerous instrument as "any instrument, . . . which, under the circumstances in which it is used, attempted to be used or threatened to be used, is readily capable of causing death or other serious physical injury"). The Appellate Division was thus unquestionably correct that as a matter of state law there was no basis for submitting a lesser offense to the jury. There is thus no basis for habeas relief.

(3) Machado's sentence of fifteen years' imprisonment was well within the statutory maximum of twenty-five years for a second felony offender. Id. § 70.06(1)(a). Assuming

without deciding that Machado has properly raised and exhausted in the state courts a claim that this sentence was cruel and unusual in violation of the Eighth Amendment, the claim is without merit. Machado's sentence, as a recidivist felon, to fifteen years in prison for a violent stabbing that resulted in a punctured lung is not remotely comparable to more severe sentences that have been upheld by the Supreme Court as within constitutional bounds. See, e.g., Lockyer v. Andrade, 538 U.S. 63 (2004) (upholding two consecutive 25-year sentences for "third strike" convictions involving theft of videotapes from Kmart). Machado can thus make no claim that the Appellate Division's rejection of his excessive sentence argument was an unreasonable application of Supreme Court precedent.

(4) Finally, Machado's convoluted claim of ineffective assistance of counsel is completely without merit. The underlying issue is whether heroin packets seized at the time of his arrest should have been suppressed. This Fourth Amendment claim is not itself cognizable on habeas corpus review. Stone v. Powell, 428 U.S. 465, 481-82 (1976). Moreover, the challenged search yielded no evidence bearing on Machado's assault conviction; the suppression motion was essentially directed to the heroin packets that resulted in a drug possession conviction yielding a one-year concurrent sentence that has already expired.

Assuming arguendo that Machado had a plausible appellate argument that his trial counsel should have been better prepared for the suppression hearing, Machado nevertheless has no claim that his appellate counsel was ineffective in failing to raise the issue. To establish ineffective assistance, a habeas petitioner must demonstrate that counsel's representation "fell below an objective standard of reasonableness" and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."

4

Strickland v. Washington, 466 U.S. 668, 687-88, 694 (1984); see also Smith v. Robbins, 528 U.S. 259, 285 (2000) (Strickland standard applies to claims of ineffective appellate counsel).

Appellate counsel is not required to raise all non-frivolous claims on appeal. Jones v. Barnes, 463 U.S. 745 (1983); Aparicio v. Artuz, 269 F.3d 78, 95 (2d Cir. 2001). Because counsel on appeal may and should avoid weaker arguments and should focus on "the most promising issues for review," Jones, 463 U.S. at 752, counsel's decisions about what appellate issues to raise are essentially tactical decisions that should not be second-guessed by habeas courts. Id. at 751-54; Pena v. United States, No. 04 Civ. 9700, 2005 WL 1176073, at *4-*6 (S.D.N.Y. May 18, 2005).

Here, as demonstrated in a letter to Machado explaining why he elected not to challenge the result of the suppression hearing, appellate counsel carefully considered the underlying arguments going to the probable cause for Machado's arrest and search. (Declaration of Malancha Chanda, dated Oct. 12, 2005, Ex. G, Attachment A, at 1-2.) Counsel's reasoning is impeccable: The merits of the underlying motion were dubious, and establishing ineffective assistance would therefore be unlikely at best; in any event, the suppression issue had little practical import for Machado since he had already served his one-year sentence on the relevant count of conviction. (Id.) Under the circumstances, it was a reasonable tactical judgment for appellate counsel to focus his energy, and the attention of the Appellate Division, on more plausible claims going to Machado's vastly more significant assault conviction. Therefore, it cannot be said that the state court's rejection of Machado's coram nobis petition raising this issue (Chanda Decl. Ex. I) was contrary to or an unreasonable application of the Supreme Court's precedents regarding ineffective assistance of appellate counsel.

5

Because Machado's claims are without merit, his petition for a writ of habeas corpus is denied. As Machado has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. See 28 U.S.C. § 2253(c)(2); Lucidore v. New York State Div. of Parole, 209 F.3d 107, 111–13 (2d Cir. 2000).

SO ORDERED.

Dated:     New York, New York
           May 19, 2006

                                                              _____
                                                              GERARD E. LYNCH
                                                              United States District Judge